UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: _____

Odetta Davis Clarke, an individual
and Delcon Clarke, an individual

       Plaintiffs,

-vs-

Wells Fargo Bank, National Association,

       Defendant.

_____/

## VERIFIED COMPLAINT

The Plaintiffs, Odetta Davis Clarke and Delcon Clarke (hereinafter referred to collectively as "Plaintiff") by and through undersigned counsel, hereby sue the Defendant, Wells Fargo Bank, National Association (hereinafter referred to as "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff seeks both legal and equitable relief arising out of residential mortgage financing and subsequent mortgage foreclosure action as involving Plaintiff's residential property located in Broward County, Florida (the "Property") with regard to the Dodd-Frank Wall Street and Consumer Protection Act of 2011, the Truth in Lending Act 15 U.S.C. §§1601, *et. seq.* and the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*

## JURISDICTION AND VENUE

2.    Jurisdiction is conferred on this Court by 15 U.S.C. 2614, 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331, 1337, 1367.

1

3.      Venue is proper under 28 U.S.C. §1391(b)(2); and 28 U.S.C. §1391(c), as Plaintiffs' property and the property secured by the Note and Mortgage at issue is located at 6930 NW 28th Street, Margate, Florida 33063 (the "Property"), which is within this District.  Further, Defendant conducted business within this District, and the acts and transactions that constitute the violations of law, occurred in this District.

### PARTIES

4.      Plaintiffs are United States citizens that reside in Broward County, Florida.

5.      Defendant, Wells Fargo Bank, National Association, which is a corporation with its principal place of business in San Francisco, California.  Defendant regularly engages in the business of mortgage lending and/or servicing of mortgages and has done substantial business in the State of Florida. Upon information and belief, Defendant either acquired the loan at issue and/or the servicing rights as it relates to the loan at issue and is the current servicer of the loan.

### BACKGROUND OF LOAN TRANSACTION

6.      Plaintiff owns the Property located in Broward County, Florida at 6930 NW 28th Street, Margate, Florida 33063, Florida, hereinafter referred to as the "Property".

7.      As part of the acquisition of the Property, Plaintiff obtained a purchase money loan from the original lender, E-trade Mortgage Corporation, in the original principal balance of $363,200.00, hereinafter referred to as the "Loan".  Such loan transaction closed and the attendant promissory note, mortgage, and other loan documents were executed on November 20, 2006.

8.      The Loan is a federally related mortgage loan as defined by 12 C.F.R. §1024.2(b).

9.      Upon information and belief, original lender, E-trade Mortgage Corporation, makes more than five (5) loans involving a mortgage transaction per year, and has done so during the time period the Loan was originated through the present.

10.     Defendant is a servicer within the meaning of the *Real Estate Settlement Procedures Act* ("RESPA") as implemented by Regulation X.

11.     On or around September 8, 2010, the alleged owner and holder of the Loan, instituted a foreclosure action against Plaintiff as a result of an alleged default by Plaintiff as it relates to the Loan, hereinafter referred to as the "Foreclosure Litigation". Such Foreclosure Litigation was filed in Seventeenth Judicial Circuit, Broward County, containing Case No.: CACE10036653.

12.     Plaintiff made application for a loan modification, alternatively referred to as a "Loss Mitigation Application" with Defendant through the submission of all documents necessary and incidental to a loan modification submission and in direct conformance with Defendant's loan modification procedures in terms of the required documentation and other information appurtenant to the niceties of a loan modification and Defendant's and the mortgage servicing industry's customary loss mitigation procedures.

13.     On or around July 23, 2014, Defendant approved Plaintiff for a trial loan modification with the first payment of $2,315.79 due by September 1, 2014, second payment of $2,315.79 due by October 1, 2014, and third payment of $2,315.79 due by November 1, 2014.

14.     Plaintiff made all three payments timely to Defendant and made a subsequent payment of $2,315.79 on December 5, 2014.

15.     All payments were accepted by the Defendant.

16.     During the period of consideration of Plaintiff's payments towards the loan modification, Defendant, through it designated counsel or other representatives by way of intent or omission allowed one or more of the following to occur:

(i)     A foreclosure sale for the Property was established in the Foreclosure Litigation with the acquiescence, participation, insistence, arrangement and/or prosecution by Defendant and/or Defendant's agents, representatives, successors, or other parties associated with Defendant on November 8, 2014 and November 24, 2014;

(ii)    A foreclosure sale for the Property was permitted to proceed in the Foreclosure Litigation with the acquiescence, participation, insistence, arrangement and/or prosecution by Defendant and/or Defendant's agents, representatives, successors, or other parties associated with Defendant on December 17, 2014;

(iii)   Defendant and/or Defendant's agents, representatives, successors, or other parties associated with Defendant made no actual and reasonable efforts to delay, postpone, cancel, reschedule or vacate the foreclosure sale for the Property as established in the Foreclosure Litigation on December 17, 2014;

17.     Through its own conduct and the conduct of its designated counsel Defendant has shown a pattern of disregard to the requirements imposed upon Defendants by Federal Reserve Regulation X.

## COUNT I

**Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*, Federal Reserve Regulation X, 12 C.F.R. § 1024.41(g), *et seq.***

18.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 17, inclusive, as if fully set forth herein.

19.     After the Plaintiff's approval for a loan modification trial payment plan to begin on September 1, 2014 , October 1, 2014, and November 1, 2014 and the Defendant's acceptance of Plaintiff's timely payments, Defendant engaged in conduct in violation of Dodd-Frank Wall Street and Consumer Protection Act of 2011, the Truth in Lending Act 15 U.S.C. §§1601, *et.*

*seq.,* the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq., and* 12 C.F.R. § 1024.41, through one or more of the following events:

(i)     A foreclosure sale for the Property was established in the Foreclosure Litigation with the acquiescence, participation, insistence, arrangement and/or prosecution by Defendant and/or Defendant's agents, representatives, successors, or other parties associated with Defendant when a Notice of Sale was filed on November 8, 2014 and Proof of Publication was filed on November 24, 2014;

(ii)    A foreclosure sale for the Property was permitted to proceed in the Foreclosure Litigation with the acquiescence, participation, insistence, arrangement and/or prosecution by Defendant and/or Defendant's agents, representatives, successors, or other parties associated with Defendant on December 17, 2014;

(iii)   Defendant and/or Defendant's agents, representatives, successors, or other parties associated with Defendant made no actual and reasonable efforts to delay, postpone, cancel, reschedule or vacate the foreclosure sale for the Property as established in the Foreclosure Litigation on December 17, 2014;

20.     Such actions by Defendant and/or those parties in control of Defendant are violative of the Early Intervention Requirements and/or the Loss Mitigation Procedures arising under the RESPA (Regulation X), 78 Fed. Reg. 10696-01, 12 C.F.R. 1024 which give rise to a private right of action in favor of Plaintiff as against Defendant for such conduct.

21.     The Consumer Financial Protection Bureau, Mortgage Servicing Rules pursuant to the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) codified in 12 C.F.R. 1024.41 creates limitations on Defendant's, and other

similarly situated parties, from engaging in a practice of "dual tracking" preventing foreclosure during the evaluation of loss mitigation applications.

22.     Pursuant to 12 C.F.R. § 1024.41(g), if a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or nonjudicial foreclosure process but more than 37 days before a foreclosure sale, servicer shall not move to conduct a foreclosure sale.

23.     Instead of halting such foreclosure related activity the Foreclosure Litigation, at the direction and on behalf of Defendant, either in part in or in whole, continued through one or more of the aforementioned events which occurred in the Foreclosure Litigation any and all of which constitute the improper illegal practice of dual tracking giving rise to Plaintiff's private right of action and damages.

24.     Defendant could have but failed to engage in reasonable efforts to postpone or dismiss any of the above proceedings which occurred during the consideration of Plaintiff's Loss Mitigation Application.

WHEREFORE, Plaintiff prays for relief as set forth below together with such further relief as this court deems just:

a.  Actual damages;
b.  Statutory damages; and
c.  Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT II

**Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*, Federal Reserve Regulation X, and 12 C.F.R. § 1024.41(d), *et seq.***

25.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 17, inclusive, as if fully set forth herein.

26.     Pursuant to 12 C.F.R. § 1024.41(d), if a servicer denies a borrower's application for any trial or permanent loan modification option available, the notice must set forth the reasons for the denial and if applicable, that the borrower was not evaluated on other criteria.

27.     Plaintiff's Loss Mitigation Application for a permanent loan modification was denied on or around March 16, 2015.

28.     The notice of denial does not sufficiently set forth the reasons why Plaintiff's Loss Mitigation Application was denied in direct violation of 12 C.F.R. § 1024.41(d).

WHEREFORE, Plaintiff prays for relief as set forth below together with such further relief as this court deems just:

    a.  Actual damages;
    b.  Statutory damages; and
    c.  Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT III

**Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*, Federal Reserve Regulation X, and 12 C.F.R. § 1024.41(h), *et seq.***

29.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 16, inclusive, as if fully set forth herein.

30.     Pursuant to 12 C.F.R. § 1024.41(h), servicer must provide borrowers with the right to appeal most loss mitigation denials. Further, pursuant to 12 C.F.R. § 1024.41(h)(1), the servicer shall permit a borrower to appeal the denial for any permanent loan modification program available to the borrower.

31.     Plaintiff made all three trial modification payments on September 1, 2014, October 1, 2014, and November 1, 2014, pursuant to the Defendant's trial modification agreement.

32.    Plaintiff's Loss Mitigation Application was denied on or around March 16, 2015.

33.    Neither Defendant nor any other party provided Plaintiff with the right to appeal the denial of Plaintiff's Loss Mitigation Application in direct violation of 12 C.F.R. § 1024.41(h).

WHEREFORE, Plaintiff prays for relief as set forth below together with such further relief as this court deems just:

    a.  Actual damages;
    b.  Statutory damages; and
    c.  Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts.

DATED this _____ day of _____, 201_.

Brian K. Korte, Esq.
FBN: 0129690
KORTE & WORTMAN, P.A.
Attorneys for Plaintiff
2041 Vista Parkway
West Palm Beach, Florida 33411
Phone: (561) 228-6200
Fax:    (561) 245-9075
E-mail: BKorte@kwlawfirm.com

9

## VERIFICATION OF COMPLAINT

STATE OF FLORIDA

COUNTY OF Broward

BEFORE ME, the undersigned authority, personally appeared Odette Davis-Clarke who was sworn before me and states that he has read the foregoing Verified Complaint and that the facts set forth therein are true and correct.

_Odetta Davis-Clarke_

SWORN TO AND SUBSCRIBED before me this 10th day of June 2015.

JONATHAN R. HEANUE
Notary Public, State of Florida
Commission# EE 155101
My comm. expires Dec. 21, 2015

Notary Public
State of Florida

Print Name: Jonathan R. Heanue
My Commission Expires: 12/21/2015

(     ) Personally known; or
( x ) Produced Florida Driver License
       as identification.

10

## VERIFICATION OF COMPLAINT

STATE OF FLORIDA

COUNTY OF Broward

BEFORE ME, the undersigned authority, personally appeared Delson Clarke,
who was sworn before me and states that he has read the foregoing Verified Complaint and that
the facts set forth therein are true and correct.

_DELSON CLARKE_

SWORN TO AND SUBSCRIBED before me this 10TH day of June,
2015.

JONATHAN R. HEANUE
Notary Public, State of Florida
Commission# EE 155101
My comm. expires Dec. 21, 2015

Notary Public
State of Florida

Print Name: Jonathan R. Heanue
My Commission Expires: 12/21/2015

( ) Personally known; or
( x ) Produced Florida Driver License
as identification.

11